**E. W. BLISS COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 35729.**

United States District Court
N. D. Ohio, E. D.

Dec. 13, 1961.

James C. Davis, Squire, Sanders & Dempsey, Cleveland, Ohio, James P. Murtagh, Simpson, Thatcher & Bartlett, New York City, for plaintiff.

Merle M. McCurdy, U. S. Atty., for defendant.

McNAMEE, District Judge.

■■ It is a recognized general principle that in actions involving the administration of Federal law to which the Government is a party, production of Government documents should be permitted unless "the Court is satisfied that it would be against public policy to do so." 4 Moore, Federal Practice, 2nd Ed., § 26.25(6), p. 1176. However, in all but exceptional cases it is considered against the public interest to compel the Government to produce inter-agency advisory opinions. Kaiser Aluminum & Chemical Corp. v. United States, 157 F.Supp. 939, 946, 141 Ct.Cl. 38 (1958); United States v. Procter & Gamble Co., 25 F.R.D. 485, 489, (D.C.N.J.1960); Continental Distilling Co. v. Humphrey, 17 F.R.D. 237 (D.D.C.1955); Cenname v. Bingler, Civil

No. 17060 (W.D.Pa.1961). The reasons underlying the privilege are stated fairly in United States v. Procter & Gamble, supra:

"(T)he Government, operating as it does through a hierarchy of agents, must have the benefit of their full, free advices, and since those advices might well cover angles of a case which would hamper the Government's action if publicized, normally these advices should not be turned over to those with interests hostile to that of the Government."

■ The taxpayer has not sustained the burden of showing a waiver of the privilege. In a supplemental affidavit filed November 13, 1961 plaintiff cited Geometric Stamping Co. v. Commissioner of Internal Revenue, 26 T.C. 301 (1956) and Klein Chocolate Co. v. Commissioner of Internal Revenue, 36 T.C. 142 (1961) as support for its position. As pointed out by the Government, however, an issue in the cited cases was whether the approval of the Commissioner to a change in the method of valuing inventory was shown by the acts of his agent. No such issue arises here nor does the question of consistency of method followed by the taxpayer appear to be pertinent. If consistency becomes an issue, plaintiff has available witnesses who can testify that the taxpayer followed a consistent method. There is no necessity for recourse to the transmittal letters to meet that issue. The issue here is whether the taxpayer has valued its inventory in accord with the applicable regulations. It is not apparent that the production of the transmittal letters is essential to the proper presentation of plaintiff's case. Good cause for the production of such documents has not been shown, and in the circumstances of this case the Government's claim of privilege is well taken.

The motion to produce is overruled.