SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

ALDRED INVESTMENT TRUST, Richard L. Rosenthal and Birnbaum & Co., Defendants.

United States District Court
S. D. New York.

Dec. 24, 1963.

Llewellyn P. Young, Regional Adm'r, Warren E. Blair, Asst. Regional Adm'r, William Lerner, Asst. Chief Enforcement Atty., S. E. C., New York City, Philip A. Loomis, Jr., Gen. Counsel, John A. Dudley, Sp. Counsel, Michael Joseph, Atty., S. E. C., Washington, D. C., for plaintiff.

Gallop, Climenko & Gould, New York City, for defendants, Aldred Investment Trust and Richard L. Rosenthal; Milton S. Gould, New York City, of counsel.

Christy, Perkins & Christy, New York City, for defendant Birnbaum & Co.

WEINFELD, District Judge.

■ The reasons which underlay the so-called unconditional exemption order issued in 1950 have no bearing on the issues presented with respect to defendants' alleged acts or conduct subsequent thereto and which are the subject of the complaint in this action filed in 1961. Whether the 1950 exemption order was issued upon facts or recommendations contained in the memoranda or due to effective advocacy by Aldred's counsel, or even the result of dereliction of duty on the part of those charged with enforcement of the laws in the public interest has no relevancy to the subject matter of this action. And this also applies to the memoranda made in 1957 when the Commission allegedly did not object to the $16 purchases. Defendants seem to invoke some concept of estoppel against a public agency whose duty requires it to enforce the laws designed to protect the investing public. It requires no citation of authority to indicate that such a doctrine may not be upheld.

■■ Neither does the Court agree that the defendants "are entitled to examine the material which was submitted to the Commission on the basis of which it authorized the institution of this action" or that it "is relevant to the question of whether there was a need * * * [to do so]." Whether there is a need to institute an action is a matter for the Commission to decide and in turn it is for the courts to decide if the acts com-

plained of by the Commission have been sustained by the required degree of proof. The question is not one of privilege but of good cause under Rule 34. Good cause for the production of the memoranda not having been shown, the motion is denied.