Alfred C. SCUDERI and Helen M. Scuderi, his wife, Plaintiffs,

v.

BOSTON INSURANCE COMPANY, a Massachusetts corporation, Defendant.

Maurice STEIN, trading as Stuart Kingston Company, Plaintiff,

v.

BOSTON INSURANCE COMPANY, a corporation of the Commonwealth of Massachusetts et al., Defendants.

Civ. A. Nos. 2597–2599, 2609.

United States District Court
D. Delaware.

Feb. 26, 1964.

---

Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, Del., for plaintiffs.

William Prickett, Jr., of Prickett & Prickett, Wilmington, Del., for defendants.

LAYTON, District Judge.

These cases are actions by policyholders to recover against their insurers on their policies. Plaintiffs owned beachfront properties which were damaged or destroyed in the great Atlantic storm of March 1962. They were insured for wind damage but the defendants deny liability upon the ground that any damage or destruction was caused by ocean waves or overflow.

Plaintiffs have moved for an order "requiring defendant to produce for inspection and copying all statements of witnesses taken on behalf of defendant, and all documents, papers, correspondence, letters, photographs and all reports made by or on behalf of defendant, its officers, employees and agents, concerning the investigation of the March, 1962 storm, including its effect upon destruction of plaintiffs' property." The motion states that "the foregoing papers, etc. are intended to include only such documents, papers and photographs in existence prior to the filing of the complaint in this action, and also include documents which reflect defendant's answers to plaintiffs' interrogatories numbered 11, 12 and 13."

Attached to their motion is an affidavit containing the following recitals:

"1. Plaintiffs' property was destroyed as a result of a violent storm in March, 1962.

"2. Defendant issued an insurance policy insuring certain perils, i. e., windstorm damage, but said policy excluded certain other perils, i. e., water damage.

"3. Plaintiffs duly filed proofs of loss and under the policy defendant is required to make prompt investigation of plaintiffs' alleged destruction and defendant owes plaintiffs a duty therefor pursuant to terms of the policy.

"4. Subsequent to the storm, defendant through its officers, employees and agents made certain investigations as required and executed certain reports, documents and correspondence in connection with such investigations.

"5. The foregoing reports were not made pursuant to directions of defendant's attorney, nor made with the intention of defending litigation.

"6. The foregoing documents and papers are otherwise inaccessible to plaintiffs and contain certain information not otherwise available to plaintiffs except by order of this Court."

 An order for the production of documents, etc., under Rule 34 will not be entered unless the motion and the accompanying affidavits show that the items sought are relevant and sufficiently designated and that the movant has "good cause" for the requested production. The defendants oppose the instant motion for the reason that all three of these requirements are lacking.[1]

RELEVANCE:

 The test of relevance for purposes of discovery is a liberal one. It requires only a reasonable probability of materiality and is not as strict as the standard of relevance at trial. 4 Moore's Fed.Pract. § 34.10. Information can be relevant even if it only leads to other relevant information. Vilastor Kent Theatre Corp. v. Brandt, 18 F.R.D. 199 (S.D.N.Y.1955); see Hickman v. Taylor, 329 U.S. 495, 511–512, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Under these standards, the relevance of the information sought is obvious.

DESIGNATION:

 Although there are many cases to the contrary, this Court adheres to the views expressed by Judge Rifkind in United States v. United States Alkali Export Ass'n, Inc., 7 F.R.D. 256 (S.D.N.Y. 1946); it is only necessary that " 'definite matters which are material and about which information is desired be designated * * * ' " 7 F.R.D. Id. at 258.[2] The March 1962 storm and its effect on the plaintiffs' property is such a "definite matter." The requirement that the documents be designated is soundly analyzed in 2A Barron & Holtzoff, Federal Practice and Procedure (1961), § 799 at 453–457:

"Particularity of designation, however, like so many other matters in life and law, is a matter of degree, dependent upon a pragmatic consideration of the circumstances in each case. Necessarily the test must be a relative one, turning on the degree of knowledge that a movant has as to the documents he requests. In some cases he has such exact and definite knowledge that he can designate, identify and enumerate with precision the documents to be produced, in which event he should do so. This is the ideal designation, since it permits the party responding to the order to go at once to his files and without difficulty produce the document for inspection. But the ideal is not always attainable, and the rule does not require the impossible. Thus a motion for the production of specific documents or types of documents pertaining to a particular subject matter may so accurately designate the statements, reports or other documents as to be entirely adequate in one case and utterly inadequate in another. A designation of categories of documents, rather than specific documents, may be sufficient. A designation in terms so general as to require a general search or inspection of voluminous records is to be avoided. The goal is that the description be sufficient to apprise a man of ordinary intelligence what documents are required, and that the court be able to ascertain whether the order has been complied with."

---

1. Although this Court recently, in similar cases, allowed the same discovery now sought, it did so under less contentious circumstances and without the benefit of the relatively more comprehensive memoranda now presented by counsel.

2. In their memorandum, defendants contend that Judge Rifkind expressed a contrary view in this case. He did state a contrary view but expressly declined to follow it.

■ Under the foregoing criteria, the items sought have been sufficiently designated.

GOOD CAUSE:

■■ The relevance of the information sought is not enough to meet this requirement. Guilford Natl. Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (4th Cir. 1962); Burke v. United States, 32 F.R.D. 213 (E.D.N.Y.1963); Reeves v. Pennsylvania R. Co., 8 F.R.D. 616 (D.Del.1949); see Alltmont v. United States, 177 F.2d 971, 978 (3rd Cir.), cert. denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 (1950). Good cause means that there must be "special circumstances in [the] particular case which make it essential to the preparation of [the] case and in the interest of justice that the statements be produced for * * * inspection or copying." Ibid. In interpreting these requirements the courts have found several factors to be important. I find that the following may be potentially relevant to this case:

■■ (1) Availability for depositions of the persons who made the reports or statements. Alltmont v. United States, supra; Guilford Natl. Bank of Greensboro v. Southern Ry. Co., supra; Reeves v. Pennsylvania R. Co., supra; Tobin v. Gibe, 13 F.R.D. 16 (D.Del.1952); United Air Lines, Inc. v. United States, 186 F.Supp. 824 (D.Del.1960); Helverson v. J. J. Newberry Co., 16 F.R.D. 330 (W.D. Mo.1954).

(2) The time at which the statements were made and the reports compiled in relation to the time that the event at is-

sue occurred (reliability of the earlier statement as compared with the later deposition) and in relation to the time that the movant should have first taken the depositions of the persons who made the statements or prepared the reports (diligence). Guilford National Bank of Greensboro v. Southern Ry. Co., supra; People of the State of California v. United States, 27 F.R.D. 261 (N.D.Calif. 1961); Helverson v. J. J. Newberry Co., supra; Pennsylvania R. Co. v. Julian, 10 F.R.D. 452 (D.Del.1950); DeBruce v. Pennsylvania R. Co., 6 F.R.D. 403, 406 (E.D.Pa.1947).

(3) Ability of the movant to match the technical skills involved in compiling the reports. Stovall v. Gulf & South Am. S.S. Co., 30 F.R.D. 152, 154 (D.Texas 1961); United Air Lines, Inc. v. United States, supra; Korman v. Shull, 184 F.Supp. 928 (W.D.Mich.1960); E. I. duPont deNemours & Co. v. Phillips Petroleum Co., 23 F.R.D. 237 (D.Del.1959); Hercules Powder Co. v. Rohm & Haas Co., 4 F.R.D. 452 (D.Del.1944).

(4) Hostility to the movant on the part of the persons who made the reports or statements because they are employees of the opposing party. United Air Lines, Inc. v. United States, supra; Guilford National Bank of Greensboro v. Southern Ry. Co., supra; Burns v. New York Cent. R. Co., 33 F.R.D. 309 (N.D. Ohio 1963); Diamond v. Mohawk Rubber Co., 33 F.R.D. 264 (D.Colo.1963).[3]

■ The affidavit submitted by the movant in this case has not pointed to any of the above relevant factors and the

3. The fact that an insured is seeking the reports of his insurer relative to his claim is, itself, not good cause. In Bell v. Commercial Insurance Co. of Newark, N. J., 280 F.2d 514 (3d Cir. 1960), the Court found good cause in such a situation only because the insured was suing his insurer for negligence in defending him against liability. The existence of good cause rested upon the *agency relationship* between the insured and insurer under those circumstances. Id. 280 F.2d at 517 N. 2. The causes of action here arise di-

rectly under the policies; no agency relationship is involved.

Some cases have also found that the admissibility of reports under the federal "shop-book" rule to be a factor. Burns v. New York Cent. R. Co., supra, Burke v. United States, supra. In the absence of any discussion by counsel, I find these cases inapposite since the documents here are not business records. Trout v. Pennsylvania R. Co., 300 F.2d 826 (3d Cir. 1962).

Court is unable to evaluate their potential effect. The mere conclusion that "the documents and papers are otherwise inaccessible to plaintiffs and contain certain information not otherwise available to plaintiffs" is an unsupported conclusion of counsel presenting no facts upon which this Court can find good cause for the production of any of the statements, papers, or documents requested. Sacco v. Greyhound Corp., 24 F.R.D. 257 (W.D. Pa.1959). The movant has not shown why he could not have gathered the same information through depositions. Nor, in general, does the affidavit setting out good cause do more than reflect the natural desire of counsel to "pick the brains" of the other party and take advantage of the latter's diligence. Alltmont condemned this approach at p. 978 of 177 F.2d where the Third Circuit Court stated:

> "His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case." [4]

However, it is obvious that the photographs are more or less of a contemporaneous nature and not capable of being obtained elsewhere since the scenes, no doubt, have changed. Pennsylvania R. Co. v. Julian, supra; Helverson v. J. J. Newberry Co., supra. This Court is willing to sign an order, when presented, for the production of the photographs requested.

The Court will not be disposed to grant any further production until further affidavits indicating the presence of good cause are submitted by the movants.

4. Although Alltmont, in part, dealt with the "work product of the lawyer" doctrine of Hickman v. Taylor, the same considerations are applicable to questions of good cause under Rule 34, Guilford Natl. Bank of Greensboro v. Southern Ry. Co., supra, 297 F.2d at 927.