CONWAY IMPORT CO., Inc., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 65-C-1241.

United States District Court
E. D. New York.

· April 11, 1966.

Kamerman & Kamerman, New York City, by Jerome Kamerman, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., for the E. D. of New York, Brooklyn, N. Y., Michael Rosen, Asst. U. S. Atty., for the United States.

MISHLER, District Judge.

Motion by plaintiff for an order requiring defendant to produce for inspection and copying control cards and numerous reports and memoranda of various revenue agents, reports and memoranda of the Review and Post Review Sections of Internal Revenue Service (I.R.S.), and reports of conferences between Internal Revenue Agents and representatives of plaintiff. The documents sought concern plaintiff's tax liability returns and examinations by I.R.S. and conferences between plaintiff and I.R.S., both prior to the tax year 1957 [as far back as 1947] and subsequent to the tax year 1957, and including the tax years 1958 and 1959. Plaintiff also seeks discovery of reports of a Special Agent of the Intelligence Division of I.R.S. dated between 1956 and 1960, concerning plaintiff, Conway Importing Co., Inc., Samuel G. Damask, Paul Greco and Henry P. Sidoli; the subject matter of the reports is not described, nor is the relations of the individuals and company to the plaintiff shown (par. 19—notice of motion).

The claim stated in the complaint is for a tax refund for the taxable year 1957. The Commissioner of Internal Revenue Service disallowed plaintiff $187,819.40 of a claimed deduction of $205,829.40 for ordinary and necessary expenses of plaintiff's business.

Plaintiff has been engaged in the business of importing edible oils, olives and condiments to hotels, restaurants and clubs for more than 40 years. Plaintiff claims that during the year 1957 it distributed $205,829.40 to various purchasing agents and other employees of purchasers of its products, through its 15 salesmen "* * * to maintain the good will of the customers' personnel." These expenditures were recorded on plaintiff's books as "Commission and Brokerage Expense".

The affidavit in support of this motion states that upon examination of the tax return for the year 1947, the Commissioner allowed 91.25% of the "Commission and Brokerage Expense" as an ordinary and necessary business expense and on subsequent years the "formula in allowing almost all of plaintiff's commissions and brokerage expense" was followed. Until the tax year 1957, the Commissioner did not require substantiation of the claimed deduction. During an examination of plaintiff's tax return for the year 1958, however, the Commissioner questioned this deduction in the tax return for the previous year. The Commissioner disallowed so much of the deduction as plaintiff failed to support by proof of dates, amounts and persons paid.

This is not an action to review the determination of a Governmental agency on the ground that the determination is discriminatory, capricious or arbitrary. Timken Roller Bearing Company v. United States, 1964, N.D.Ohio, 38 F.R.D. 57, 62. It is an action for money had and received based on the theory that the plaintiff paid more than was lawfully due for the pertinent tax year. Lewis v. Reynolds, 1932, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293. Plaintiff's declared purpose in this discovery is to show:

1. The Commissioner accepted as a deduction for reasonable and necessary business expenses 91.25% of plaintiff's "Commission and Brokerage Expense" as recorded on plaintiff's books in plaintiff's tax return for the year 1947.

2. That thereafter, and to and including the tax return for the year 1957, a deduction of approximately 91.25% of such "Commission and Brokerage Expense" was allowed.

**3.** Sometime between January 1, 1960 and September 21, 1961, the examining agent of the I.R.S. received instructions concerning a reversal of the Commissioner's position with relation to the expenses referred to.

**4.** The Commissioner's change of position was without notice to plaintiff.

Plaintiff claims that a change of practice without notice to him is illegal. No authority is cited to support the argument. In Automobile Club of Mich. v. Commissioner, 1957, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746, the Commissioner had determined in 1934 that the petitioner was a "club" and entitled to exemption. In 1945, the Commissioner revoked the prior determination and directed that income tax returns be filed retroactively for all tax years not barred by the statute of limitations, i. e., 1943, 1944 and 1945. The Court rejected the taxpayer's argument that the Commissioner's rulings were only operative prospectively. A similar argument based on the acceptance of tax returns for prior years was made in Mt. Vernon Trust Co. v. Commissioner, 1935, 2d Cir., 75 F.2d 938, cert. denied, 296 U.S. 587, 56 S.Ct. 99, 80 L.Ed. 415. The Court there stated:

"It is urged that the Commissioner's acceptance of the returns for 1928 and prior years is a recognition that the method used in those years was proper, but no estoppel can arise against the Commissioner from his acceptance of the return." (Id. 75 F.2d at 940).

To the same effect see Dixon v. United States, 1964, 2d Cir., 333 F.2d 1016, aff'd, 1965, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223; William Hardy, Inc. v. Commissioner, 1936, 2d Cir., 82 F.2d 249.

Plaintiff has not shown that the documents described in paragraphs 1–18 of its notice of motion are relevant to the subject matter of the action. 4 Moore, Federal Practice 2450 (2d ed.). The notice of motion describes reports concerning defendant and four other taxpayers (par. 19), heretofore referred to. The affidavit in support of the motion refers only to the report concerning one Paul Greco. Paul Greco was convicted of a crime based on his failure to report certain income. The source of some of this income was the payment made by plaintiff and charged to its "Commission and Brokerage Expense". Plaintiff "concludes that others made similar payments to Greco. If this is true, it will support plaintiff's position that the payment of these sums was a widespread practice in the industry, thus showing that the expenses are ordinary and necessary." The Court rejects the syllogistic reasoning. The issue of whether the payments made for the purposes claimed are ordinary and necessary is the vital issue of the case, but plaintiff has failed to show good cause for inspection of the Greco report. No support is offered for discovery of the other reports referred to in paragraph 19.

Plaintiff relies on Timken Roller Bearing Company v. United States, supra. In *Timken*, a tax refund suit, the plaintiff urged that the documents sought to be examined (memoranda and reports of agents, control cards and communications with third parties concerning allowance for tax purposes of taxpayers advertising expenditures) would reveal the Commissioner's criteria in determining which advertising expenses were allowable deductions. The Court held " * * * it is reasonable to expect that a novel theory of defense will be interposed to defeat the claim of the plaintiff; it should not be kept secret until the moment of trial. Since the letters and reports sought by this motion will probably clarify the Government's defense, good cause exists for their production." (Id., 38 F.R.D. at 63). Cf. E. W. Bliss Co. v. United States, N.D.Ohio, 1961, 203 F. Supp. 175.

There is no mystery as to the reason for the disallowance here.[1] While in *Timken* the Court found that the documents were "reasonably calculated to lead to admissible evidence" (Id. 38 F.R.D. at 63), here the Court finds that proof of the Commissioner's change in position is his insistence upon substantiation of business deductions, and the basis for such a change of policy at the particular time is totally unrelated to the subject matter, and cannot reasonably be expected to lead to admissible evidence.

■ The Court feels constrained to comment on the Government's assertion of a "public-policy in favor of protecting the internal opinions, judgments and summaries of the Internal Revenue Service" (Brief, p. 11) and protecting the "work product" of the Internal Revenue Service (Brief, p. 12). There is case law to support this position. E. g., E. W. Bliss Co. v. United States, supra. These expressions are, however, couched in general terms of denial with reservation for unusual circumstances. Generally, such advice, opinion or summary is foreign to the subject matter of the litigation. When it is relevant the courts have granted discovery. United States v. Gates, 1964, D.Colo., 35 F.R.D. 524.

■ The Government as a litigant does not have a greater right to secrecy than a private litigant. United States v. Proctor & Gamble Co., 1958, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077; Campbell v. Eastland, 1962, 5th Cir., 307 F.2d 478, cert. denied, 1963, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502. Nor can the Court subscribe to an extension of the "work product" limitations of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Snyder v. United States, 1956, E.D.N.Y., 20 F.R.D. 7 is inapposite; the Court there held that the subject records were the "work product" of the

United States Attorney and therefore out of the reach of the adversary.

Plaintiff having failed to show good cause therefor, the motion for production and inspection under Rule 34 is in all respects denied.

Settle order on two (2) days notice.

---

1. It was stated at oral argument and appears in the defendant's brief as follows: " * * * the taxpayer failed to substantiate specific amounts paid to customers as gratuities or gifts, to provide the dates paid, or to name the persons to whom money or gifts were given."