**DETROIT SCREWMATIC CO., Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 66 Civil 3338.**

United States District Court
S. D. New York.

Jan. 8, 1970.

Leventritt Lewittes & Bender, New York City, for plaintiff, Sidney Bender, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for United States, Richard S. Rudick, Asst. U. S. Atty., of counsel.

EDWARD WEINFELD, District Judge.

This is a tax refund case in which plaintiff moves pursuant to Rule 34 of the Federal Rules of Civil Procedure for discovery and inspection of various internal memoranda and reports of the Internal Revenue Service.

Plaintiff's action is based upon an alleged over-assessment of income tax for its fiscal year ended November 30, 1955. The essential facts which give rise to plaintiff's claim are not in dispute. It purchased on December 23, 1954, from Follansbee Steel Corporation certain of its assets for a lump sum price of $7,251,314.61. It simultaneously sold a portion of those assets for $6,065,000. The plaintiff reported no loss or gain on this transaction. The remainder of the assets were retained for over six months and eventually sold. Plaintiff allocated the entire gain on the transactions to the retained assets and reported only a long term capital gain. The Internal Revenue Service disagreed, ruling that upon a proper allocation of the lump sum pur-

chase price to all the assets, plaintiff was taxable for ordinary income on the transaction for the year 1955. The Service's reallocation thus resulted in additional ordinary income to plaintiff for that year, with a corresponding reduction in the year in which the retained assets were sold; a deficiency income tax was assessed for the year 1955, which plaintiff paid, recovery of which is here sought.[1]

The essence of the controversy between the parties is the proper allocation of the lump sum purchase price as a cost basis among the various sold and retained assets acquired by plaintiff.[2] Since any gain on the retained assets would be taxed as a long term capital gain, whereas gain on the assets immediately resold would be taxed at full ordinary rates, obviously it is to plaintiff's advantage to establish a lower cost basis for the retained assets and a correspondingly higher basis for those immediately sold. The parties appear to be in agreement that the key to the proper allocation of the cost basis in this suit is the fair market value of the retained assets as of December 23, 1955. The plaintiff contends that the fair market value of the retained assets was $1,186,134.61, the difference between its purchase price and the sale price of the portion sold. The government contends that the value of the retained assets is $2,153,000.

■ Plaintiff seeks discovery and inspection of (1) the transmittal letter of a revenue agent which accompanied his report dated 12/7/60; (2) the supporting statement of the technical advisor accompanying a "90-day letter" dated 2/21/62; (3) the transmittal letter of a revenue agent which accompanied his claim rejection report dated 7/14/64; and (4) the Chief Counsel's defense letter, dated 4/7/67. As to the last item, prepared by counsel after the commencement of this suit, so clearly is it the attorney's work product, as well as a privileged communication between attorney and client, that there is no basis for discovery.[3]

■ As to the remaining documents, plaintiff has failed to demonstrate good cause for their production.[4] The plaintiff is in possession of its own books, files and records, upon which its contentions must rest. It has not shown that it does not have access to the books of Follansbee Steel Corporation, upon which the government relies for its valuation of the assets, nor is there any indication that the government relied upon any records to which plaintiff does not have access. Nor has plaintiff demonstrated that it does not have access to equally good or better valuations. And it has not shown that any necessary information is not obtainable by other, less drastic, discovery methods,[5] which do not require production of internal agency

1. The other aspect of the complaint challenging the accounting treatment of certain inventory is not relevant to the present motion.

2. See F & D Rentals, Inc. v. Commissioner, 365 F.2d 34 (7th Cir. 1966), cert. denied, 385 U.S. 1004, 87 S.Ct. 707, 17 L.Ed.2d 543 (1967); Copperhead Coal Co. v. Commissioner, 272 F.2d 45 (6th Cir. 1959).

3. United States v. Anderson, 34 F.R.D. 518 (D.Colo.1963); see Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551 (2d Cir. 1967); United States v. Aluminum Co.

of America, 193 F.Supp. 251 (N.D.N.Y. 1960); United States v. United Shoe Mach. Corp., 89 F.Supp. 357 (D.Mass. 1950).

4. See Guildford Nat'l Bank v. Southern Ry., 297 F.2d 921 (4th Cir. 1962); Scuderi v. Boston Ins. Co., 34 F.R.D. 463 (D.Del.1964); cf. Schlagenhauf v. Holder, 379 U.S. 104, 117–119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

5. See Guildford Nat'l Bank v. Southern Ry., 297 F.2d 921, 924–927 (4th Cir. 1962); Scuderi v. Boston Ins. Co., 34 F.R.D. 463, 467–468 (D.Del.1964); cf. United States v. Anderson, 34 F.R.D. 518, 522 (D.Colo.1963).

advisory opinions.[6] The reports here sought, which have been examined by the Court, analyze the transactions in question on the basis of entries in books and records in the possession of or available to plaintiff. The subjective analysis of the agent and technical advisor based upon the information derived from those records and their respective opinions as to the proper method to be applied in determining whether taxes are due form no part of the plaintiff's case. While no doubt disclosure of such information would be of interest to plaintiff, it is not essential nor required for proper preparation.[7] In fact, what is involved in plaintiff's claim is the application of correct legal principles to the basic facts, as to which there is no substantial dispute. Plaintiff has all that is required for trial.

Plaintiff's reliance on Timken Roller Bearing Co. v. United States,[8] and Frazier v. Phinney,[9] is misplaced. There is absolutely no showing of the likelihood of surprise here. The government has informed plaintiff of the precise basis for the deficiency, the assets being revalued and the revaluation assigned to each, as well as the general source of its valuations. Plaintiff cannot, under the circumstances, claim to be unaware of the government's position.[10]

The motion is denied.

6. *See* Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600 (5th Cir. 1966); E. W. Bliss Co. v. United States, 203 F.Supp. 175 (N.D.Ohio 1961); Kaiser Aluminum & Chemical Corp. v. United States, 157 F.Supp. 939 (Ct.Cl. 1958); *cf.* SEC v. Aldred Investment Trust, 224 F.Supp. 626 (S.D.N.Y.1963); Unistrut Corp. v. United States, 37 F.R.D. 478, 479 (E.D.Mich.1965). *But see* Conway Import Co. v. United States, 40 F.R.D. 5 (E.D.N.Y.1966); Timken Roller Bearing Co. v. United States, 38 F.R.D. 57, 66–68 (N.D.Ohio 1964). *See generally* Carl Zeiss Stiftung v. V. E. B.

Carl Zeiss, Jena, 40 F.R.D. 318 (D.D.C. 1966).

7. *See* Conway Import Co. v. United States, 40 F.R.D. 5 (E.D.N.Y.1966); Unistrut Corp. v. United States, 37 F.R.D. 478 (E.D.Mich.1965).

8. 38 F.R.D. 57 (N.D.Ohio 1964).

9. 24 F.R.D. 406 (S.D.Tex.1959).

10. *See* Campbell v. Eastland, 307 F.2d 478, 488 (5th Cir. 1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); Unistrut Corp. v. United States, 37 F.R.D. 478 (E.D.Mich.1965).