**SIMONS–EASTERN COMPANY, Former-
ly Eastern Engineering Company**

v.

**UNITED STATES of America.**

**Civ. A. No. 15081.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 25, 1972.

Poole, Pearce & Cooper, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Julian Longley, Asst. U. S. Atty., Atlanta, Ga., Jack D. Warren, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

SIDNEY O. SMITH, Chief Judge.

This case is before the court upon plaintiff's request to require the production of documents in the Internal Revenue Service administrative file of the defendant. The matter was set for oral hearing at which time the government produced for the court the entire file. The government objects to the production of any of such file on various grounds set out completely in its response to the motion filed on February 18, 1972. The government's principal objection is that the materials which the plaintiff seeks constitute intra-agency communications which were prepared for use in the administrative and decision making processes of the government and consequently, reflect the opinions, conclusions, and reasonings of government officials in the process of carrying out their official duties.

■■ As to intra-agency communications containing the opinions, conclusions and reasoning reached by Government officials in connection with their official duties, the Court notes that a qualified right of non-disclosure has been recognized by the Congress in enacting the Freedom of Information Act (5 U.S.C. § 552), by the Judicial Conference of the United States in submitting to the Supreme Court on November 19, 1971, its revised proposed Federal Rules of Evidence (§ 509) and by several decided

cases. Kaiser Aluminum & Chemical Corp. v. United States, 157 F.Supp. 939, 945–946, 141 Ct.Cl. 38 (1958); Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600 (C.A. 5, 1966); Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969); Rosee v. Board of Trade of City of Chicago, 36 F.R.D. 684, 689 (N.D.Ill. 1965); Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 325–326 (D.C. D.C.1966); E. W. Bliss Co. v. United States, 203 F.Supp. 175 (E.D.Ohio 1961); Detroit Screwmatic Co. v. United States, 49 F.R.D. 77, 78 (S.D.N.Y.1970). However, trial courts, as indicated by the Advisory Committee's Notes on Rule 26 (b), F.R.C.P. (4 Moore's Federal Practice, ¶ 2601 [18]), have broad powers to regulate or prevent discovery and such powers have always been freely exercised.

The court reviewed the entire file in camera and considering the respective positions of the parties and balancing the interests between them, finds that there should be disclosure in favor of the taxpayer of all computations and facts revealed objectively in the file but not of any conclusions or opinions reached by various agents of the Internal Revenue Service. The court is of the opinion that those portions ordered produced do not involve the opinions, reasonings, or conclusions of any government agent but rather reflect the work product of the factual investigation made.

Accordingly, the defendant is ordered to produce on or before May 1, 1972 for inspection and copying or to furnish a copy of all parts of the administrative file with the exception of the following:

(A) Those documents already voluntarily produced to the taxpayer.

(B) Those portions of the file representing material furnished to the government by the taxpayer.

(C) The following specific documents:

(1) The Appellate Division Supporting Statement.

(2) The District Conferee's Report.

(3) The RAR transmittal letter of Internal Revenue Agent Hudson, dated August 23, 1968.

(4) The "no change" report of Internal Revenue Agent Cowart dated April 6, 1968, pages 5, 6, 7, 8, 9, 10 and 11.

(5) The pencil memorandum of June 21, 1968, to A. L. Gurley, Group Supervisor from Internal Revenue Agent Cowart, consisting of five pages.

(6) The Supplemental Report of Internal Revenue Agent Cowart entitled "49 pages of a Supplemental Report which was in effect voided— EASTERN ENGINEERING COMPANY", pages 10, 11, 13, 15, 16, 17, 18, 19 (there is no page 14).

Government counsel has agreed to furnish to the court a copy of the entire file with all pages numbered consecutively designating thereon all documents required to be produced under this order for record purposes.

It is so ordered.