**Robert H. ACORD and Bonnie I. Acord, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

No. 80–1334–C(5).

United States District Court, E. D. Missouri, E. D.

April 28, 1981.

Ronald N. Compton, Summers, Compton, Wells & Hamburg, Clayton, Mo., for plaintiffs.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Ludwig H. Adams, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on defendant's motion for a protective order.

Plaintiffs bring this action for a refund of income tax paid by them in the sum of $14.00. As a part of discovery, plaintiffs filed two motions for production of documents under Fed.R.Civ.P. 34. The items requested in the motions are:

1. From the Internal Revenue Service, memoranda designated GCM 37446 and GCM 38296.

2. All letters, memoranda and other documents in the possession of defendant relating to the application of the Educational Employees Credit Union and the Pattonville School District to the Internal Revenue Service for approval of a tax sheltered annuity program under Section 403(b) of the Internal Revenue Code. Said application was originally submitted November 19, 1975 to E:EP:T:1.

3. All memoranda, letters, documents or reports in the possession of defendant relating to the following revenue rulings:

55–639, 1955, 2CB 230

67–361, 1967, 2CB 153

67–387, 1967, 2CB 153

68–116, 1968, 2CB 177

68–482, 1968, 2CB 186

68–487, 1968, 2CB 187

68–488, 1968, 2CB 133

70–582, 1970, 2CB 95

TIR372, 3/22/62

62–38, 1962, 15 1RB20

Publication 571 entitled *Tax Sheltered Annuity Plans for Employees of Public Schools and Certain Tax Exempt Organizations.*

4. Any letter rulings and associated documentation (other than produced in 2 or 3 above) in which the Internal Revenue Service has approved or denied a plan proposed to qualify under Section 403(b) of the Internal Revenue Code in which the annuity was not issued by an insurance company or a publicly traded mutual fund.

5. Any document in the defendant's possession which defines defendant's interpretation of the meaning of the words in Section 403(b)(1) of the Internal Revenue Code "... annuity contract purchased by an employer ..."; and any document in defendant's possession which requires that the "annuity" referred to in Section 403(b) of the Internal Revenue

Code be issued by or purchased from an insurance company.

6. Any documents or rulings of defendant which relate to defendant's position as to whether or not a federally insured credit union for purposes of 403(b)(7) of the Internal Revenue Code is included within the definition of a regulated investment company as that term is defined in Section 851(a) of the Internal Revenue Code, specifically those portions of Section 851(a) referring to a common trust fund or similar fund which is excluded by 3(c)(3) of such act (15 U.S.C. § 80a–3(c)) from the definition of "investment company" and not included in the definition of a "common trust fund" by Section 584(a).

7. Any document of defendant which defines a cooperative bank (Internal Revenue Code Section 7701(a)(32)), as that term is used in 15 U.S.C. § 80a–3(c), to include or exclude a federally insured credit union.

8. Chief Counsel Memorandum dated May 4, 1979 from the Chief Counsel's Office of the Internal Revenue Service.

Defendants object to the production of these items and move for a protective order. The grounds for the motion are:

1. The documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. Certain of the documents are privileged.

3. Certain of the documents are already available to plaintiffs.

4. The request for production of documents is unduly burdensome.

In items 1–4 and 8 of plaintiffs' motion for production of documents, plaintiffs request letters, memoranda, reports, and/or documents. Discovery of similar material in tax refund cases from other jurisdictions has been denied on the ground of irrelevancy. *Groves v. U. S.*, 533 F.2d 1376, 1380 (5th Cir. 1976), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 529, 50 L.Ed.2d 611 (1976); *Sutton v. U. S.*, 42 AFTR 2d 78–5214, 78–5215 (E.D.Tenn.1978); *Johnson v. U. S.*, 38 AFTR 2d 76–5238, 76–5239 (N.D.Ind.1976);

*Geotel, Inc. v. U. S.*, 36 AFTR 2d 75–5988, 75–5989 (E.D.N.Y.1975); *Southwest Grease & Oil Company v. United States*, 44 F.R.D. 456, 460 (D.Kan.1968). Similarly, this Court finds that items 1–4 and 8 are irrelevant in that they have no bearing on plaintiffs' action for a tax refund. Items 1–4 and 8 essentially seem to be requests for letters and documents relating to *other* taxpayers and revenue rulings. As the court stated in *International Business Machines Corp. v. United States*, 343 F.2d 914, 919 (Ct.Cl. 1965), *cert. denied*, 382 U.S. 1028, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966), "taxpayers can never avoid liability for a . . . tax by showing that others have been treated generously, leniently, or erroneously by the Internal Revenue Service—each individual must rest . . . on the validity of his own position, under the applicable taxing provision independently of the others." Additionally, this suit for refund is not based on a claim of arbitrary or discriminatory action by the Internal Revenue Service [hereinafter IRS]. It is simply an action for a tax refund. Therefore, items 1–4 and 8 are irrelevant to this action and they are not likely to lead to the discovery of admissible evidence. For these reasons, defendant's motion for a protective order is granted as to items 1–4 and 8.

Items 5–7 appear to be requests for definitions. These items are relevant to the instant action, because the words and phrases in question (*i.e.*, annuity contract purchased by an employer, federally insured credit union, cooperative bank) are contained in the section of the IRS code under which this action was brought. A clear understanding of the applicable terms under the statute is essential to the maintenance of this action. Therefore, defendant's motion for a protective order is denied as to items 5–7.