PIKS CORPORATION, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. C81–2563.

United States District Court,
N.D. Ohio, E.D.

Aug. 16, 1982.

Irving Bell, Lyndhurst, Ohio, for plaintiffs.

Matthew Yackshaw, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OF OPINION

MANOS, District Judge.

On December 23, 1981, plaintiffs, Piks Corporation and its majority shareholders, Harvey Korman and Ronald Schafer filed the above-captioned case against the defendant, United States of America seeking a refund of federal income taxes allegedly improperly assessed.[1] Jurisdiction is invoked under 28 U.S.C. § 1346(a)(1).[2] The case is currently before this court on plain-

---

1. Since Korman and Schafer each allege that they filed joint federal income tax returns for the calendar year in issue, their respective spouses are also named as plaintiffs.

2. 28 U.S.C. § 1346(a)(1) provides as follows:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or

tiffs' motion to compel discovery and for award of attorney's fees. Fed.R.Civ.P. 37(a).[3] For the reasons which follow the plaintiffs' motion is denied.

■ At issue are depositions taken on March 23, 1982, of Steven Papsek and Larry Miley, Internal Revenue Service agents who conducted an audit of plaintiffs' income tax returns.[4]

On the advice of counsel for the Government, Papsek refused to answer two questions put to him during his deposition. Those questions are as follows:

(1) During your career did you have occasion to do audits of any other phonograph record distributors? (Dep. 9)

(2) Did you conduct any investigations here of unreported income by vendors of phonographic records? (Dep. 36)

Counsel for the Government objected to the questions under 26 U.S.C. § 6103(a)[5] which prohibits the disclosure of return informa-

illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

3. Fed.R.Civ.P. 37(a) provides as follows:

(a) *Motion for order compelling discovery.* A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(1) *Appropriate court.* An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the·court in the district where the deposition is being taken.

(2) *Motion.* If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c).

(3) *Evasive or incomplete answer.* For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

(4) *Award of expenses of motion.* If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that the other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

4. Steven Papsek is no longer employed by the Government.

5. 26 U.S.C. § 6103(a) provides as follows:

(a) *General rule.*—Returns and return information shall be confidential, and except as authorized by this title—

(1) *no officer or employee of the United States,*

(2) no officer or employee of any State or of any local child support enforcement agency who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), subsection (m)(4)(B), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

tion by an employee or former employee of the United States, subject to criminal penalties under 26 U.S.C. § 7213(a).[6] Return information is defined in 26 U.S.C. § 6103(b)(2).[7] Plaintiffs argue the questions are sufficiently broad so that the identities of any particular taxpayers would not be disclosed and that the information sought is not within the prohibited area of tax return information.

"Parties may obtain discovery on any matter, not privileged which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1).[8] Thus, discovery is limited to information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. *Rodgers v. Hyatt,* 91 F.R.D. 399 (D.Colo. 1980). The burden of proof is on the taxpayer to show that the information sought is relevant or reasonably calculated to lead to discovery of admissible evidence. *Jupi-*

*ter Painting Contracting Co., Inc. v. United States of America,* 87 F.R.D. 593 (E.D.Pa. 1980). The taxpayer must rely on the validity of his own position under the applicable taxing provision. *International Business Machines Corporation v. United States,* 343 F.2d 914, 170 Ct.Cl. 357 (Ct.Cl.1965), *cert. denied,* 382 U.S. 1028, 86 S.Ct. 647, 15 L.Ed.2d 540 (1966). In *Acord v. United States,* 92 F.R.D. 355 (E.D.Mo.1981), the United States District Court for the Eastern District of Missouri held that it is proper to deny disclosure of information relating to other taxpayers for lack of relevancy to the taxpayer's action in a tax refund suit. In this case, plaintiffs have failed to establish the relevancy of the questions in dispute to the issue of whether the Internal Revenue Service properly assessed plaintiffs' taxes. Therefore, plaintiffs' motion to compel discovery with regard to Agent Papsek is denied.

**6.** 26 U.S.C. § 7213(a) provides as follows:
(a) Returns and return information.—
(1) Federal employees and other persons. —It shall be unlawful for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, willfully to disclose to any person, except as authorized in this title, any return or return information (as defined in section 6103(b)). Any violation of this paragraph shall be a felony punishable upon conviction by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution, and if such offense is committed by any officer or employee of the United States, he shall, in addition to any other punishment, be dismissed from office or discharged from employment upon conviction for such offense.

**7.** 26 U.S.C. § 6103(b)(2) provides as follows: Return Information—The term "return information" means—
(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or pos-

sible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
(B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to the public inspection under section 6110,
but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

**8.** Fed.R.Civ.P. 26(b)(1) provides as follows:
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope is as follows:
(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs also request discovery of information deleted from an interoffice memorandum (Appeals Transmittal Memorandum and Supporting Statement)[9] produced by Agent Miley at his deposition and the subject matter of a telephone conversation he had with another agent. The Government refused to disclose the information deleted from the document because it would reveal return information which could be directly or indirectly associated with particular unrelated taxpayers. 26 U.S.C. § 6103(b)(2). Similar to the reasons stated above, plaintiffs' motion to compel discovery is denied. Once again plaintiffs make no argument nor cite any authority which persuades this court that the information sought is relevant to the issue in the case. *See: E.W. Bliss Company v. United States,* 203 F.Supp. 175 (N.D.Ohio 1961), for the proposition that the Government will not be required to produce transmittal letters when it is not established that production is essential to proper presentation of the taxpayer's case.

The Government claims that the subject matter of the telephone conversation and the remainder of the information deleted from the document are privileged. Government privilege is a well-established rule which exempts from disclosure intergovernmental communication containing conclusions, opinions and reasoning. *United States v. Leggett and Platt, Inc.,* 542 F.2d 655 (6th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); *Jupiter Painting Contracting Co., Inc. v. United States,* 87 F.R.D. 593 (E.D.Pa.1980); *Simons-Eastern Company v. United States,* 55 F.R.D. 88 (N.D.Ga.1972); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318 (D.D.C.1966), *aff'd* 384 F.2d 979 (D.C. Cir.), *cert. denied* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). Material may be protected by a proper claim of privilege once relevancy has been established. *Pierson v. United States,* 428 F.Supp. 384 (D.Del.1977). The initial criterion of relevancy has not been established by the plaintiffs nor have they made an argument of necessity. Items will not be ordered produced when requests are framed in vague terms or could invade matters which are privileged. *Galambus v. Consolidated Freightways Corporation,* 64 F.R.D. 468 (N.D.Ind.1974). If a court finds that a claim of privilege is well founded, an examination of the withheld information is unnecessary. "The extent the court should investigate ... depends on the caliber of the showing of necessity." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, supra.* This court finds that the Government's claim of privilege is properly invoked and that the plaintiffs have made no showing of necessity to justify an order for disclosure of the information. Local Civil Rule 3.01(2)[10] requires the moving party to serve and file with his motion a brief written statement of reasons in support of the motion and a list of the authorities on which he relies. Plaintiffs have neither argued relevancy nor necessity which are essential to their motion to compel discovery. Accordingly, the plaintiffs' motion is denied.

Since plaintiffs' motion to compel discovery is denied, plaintiffs' motion for award of attorney's fees is also denied. Fed.R.Civ.P. 37(a)(4).

IT IS SO ORDERED.

---

**9.** This document was written by Miley in connection with his treatment of the plaintiffs' claims.

**10.** L.Civ.R. 3.01(2) provides as follows:

(2) The moving party shall serve and file with his motion a brief written statement of reasons in support of the motion and a list of the authorities on which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all photographs and documentary evidence which he intends to present in support of the motion in addition to the affidavits required or permitted by the Federal Rules of Civil Procedure.