See also, Bkrtcy., 55 B.R. 297, Bkrtcy., 73 B.R. 630.

**In re The MONETARY GROUP, the Securities Groups, the Securities Group 1980, the Securities Group, Debtors.**

**Bankruptcy Nos. 84–428–BK–J–6P, 84–430–BK–J–GP, 84–431–BK–J–GP and 84–433–BK–J–GP.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 10, 1987.

Fred B. Ringel, New York City, for City of New York.

George E. Ridge, Jacksonville, Fla., for Louis Lowin.

ORDER VACATING ORDER COMPEL-LING PRODUCTION OF DOC-UMENTS DATED APRIL 1, 1987, AND GRANTING IN PART THE MO-TION TO COMPEL THE PRODUC-TION OF DOCUMENTS AND THE CROSS-MOTION FOR PROTECTIVE ORDER

GEORGE L. PROCTOR, Bankruptcy Judge.

On March 11, 1987, the Court heard the motion to compel the City of New York to produce documents filed by Louis Lowin, Post-Confirmation Administrator, and the cross-motion of the City of New York for protection from same. After hearing argument of counsel, the Court requested the parties to submit proposed orders and letter memorandum of law.

On April 1, 1987, the Court inadvertently entered the proposed order submitted by Louis Lowin.

Upon consideration of argument and memoranda, the Court makes the following Findings of Fact and Conclusions of Law:

### A. *Findings of Fact*

1. Kadira Elmarsafi, employee of the City of New York, prepared comments as part of an audit of The Securities Group for New York City unincorporated business tax. The comments were prepared prior to the time the City of New York had actual knowledge of this bankruptcy proceeding but within a time frame that the information could be pertinent to the proof of claim of the City of New York.

2. After learning of this bankruptcy proceeding, the City of New York filed a proof of claim which has been objected to by Louis Lowin, trustee, now Post-Confirmation Administrator.

3. Subsequent to the objection to the proof of claim, the Bankruptcy and Assignments Unit, Department of Finance, City of New York, through its agents, Edward Vokes and Abraham Joseph conducted an audit and prepared comments.

4. The comments authored by Kadira Elmarsafi were prepared in the ordinary course of business while the comments authored by Edward Vokes and Abraham Joseph were prepared in anticipation of litigation.

5. The mental impressions, conclusions, and opinions contained in the comments authored by Edward Vokes and Abraham Joseph directly relate to the ongoing litigation.

6. Louis Lowin, Post-Confirmation Administrator, has not shown that he has attempted to obtain the information through less onerous means than production of litigation-related documents by the City of New York.

### B. *Conclusions of Law*

1. The filing of an objection to a proof of claim creates a contested matter to which rules governing adversary proceedings are applicable. B.R. 9014.

2. Rule 26, F.R.Civ.P., and Bankruptcy Rule 7026 dictate the scope and limits of discovery in a contested matter.

3. Material prepared in the ordinary course of business is discoverable if "[t]he information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), F.R.Civ.P. *Cf. Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973).

4. Discovery of documents and other tangible items prepared in "anticipation of trial" however is conditioned upon a showing by the party seeking the discovery that the party "... has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Rule 26(b)(3), F.R.Civ.P.

5. If less onerous means of discovery, e.g. depositions, are available then those avenues should be explored first be-

fore a party is compelled to produce documents pursuant to Rule 26(b)(3), F.R. Civ.P. See *Guilford National Bank of Greensboro v. Southern Railway Co.*, 297 F.2d 921, 927, n. 5 (4th Cir.1982); *Detroit Screwmatic Co. v. U.S.*, 49 F.R.D. 77 (S.D. N.Y. 1970); and *Scuderi v. Boston Insurance Co.*, 34 F.R.D. 463, 467–68 (D.C.Del. 1964).

Accordingly, it is ORDERED:

1. The "Order on Post-Confirmation Administrator's Motion to Compel Production of Documents and the City of New York's Cross-Motion for a Protective Order" dated April 1, 1987, is vacated.

2. The motion to compel production of documents is granted as to the comments of Kadira Elmarsafi. The City of New York is directed to produce the comments of Kadira Elmarsafi within thirty (30) days from the date of this Order.

3. The cross-motion for a protective order by the City of New York is granted as to the comments prepared by Edward Vokes and Abraham Joseph subsequent to the filing of the objection to proof of claim.