**ISI CORPORATION, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 73–2397.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1974.

Marvin D. Morgenstein (argued) of Steinhart, Goldberg, Feigenbaum & Ladar, San Francisco, Cal., for plaintiff-appellant.

Richard Farber, Atty. (argued) Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

OPINION

Before KILKENNY and WALLACE, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

ISI Corporation appeals from a judgment based upon a jury verdict denying a refund of taxes for the years 1962 through 1965. We affirm.

ISI contends (1) that there was insufficient evidence to substantiate the verdict and (2) that the trial court erred

---

* Honorable GUS J. SOLOMON, United States District Judge, District of Oregon, sitting by designation.

in denying its motion to compel answers to certain questions asked in a pretrial discovery deposition. We are satisfied that there was substantial evidence upon which the jury could render a verdict for the government. Our concern is with the discovery order.

Internal Revenue agent Barron, who was assigned to audit the ISI tax returns, conducted a lengthy investigation which resulted in a deficiency notice being issued to ISI more than eight years after ISI had filed its tax return reporting the transaction in issue. During a pretrial deposition, Barron, upon the advice of the attorney representing the government, refused to answer certain questions. ISI moved to have the court compel answers and contends that the refusal of the district court to do so, other than on two questions, prejudiced it in preparation for trial and resulted in reversible error.

■ Relying on other district court opinions, *see, e. g.,* Simons-Eastern Co. v. United States, 55 F.R.D. 88 (N.D.Ga. 1972), the district judge held that "the opinions, conclusions and reasoning of government officials are not subject to discovery." We accept this statement as a correct rule of law, but the district court misapplied the rule to the facts before it.

■■ Of the 29 disputed questions, the district court ordered Barron to answer only two.[1] Some of the remaining questions would have revealed the opinions, conclusions and reasoning of the government and were not discoverable.[2] Although the answers to certain other questions[3] would not necessarily have revealed the opinions, conclusions and reasoning of the government and although we might have required Barron to answer them had we been in the position of the trial court, we fail to see how the denial of requiring Barron to answer these questions was so prejudicial to ISI in its trial preparation that reversal is required. The "broad discretion" vested in the trial court in discovery matters, coupled with the harmless error doctrine, bars us from reversing the trial court's decision except in unusual cases. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2006, at 35 (1970). While the answers may have aided ISI in some indeterminate way, the refusal to order the answers, if it was error, was harmless.

Affirmed.

1. The questions that the district court ordered Barron to answer were:

Did you hire anybody to appraise the personal property ISI acquired from Mr. Miller?

Did you obtain a written report from any appraiser concerning the appraised value of the property that was purchased from Miller by ISI?

2. For example, one of the questions asked by ISI was:

What did the dots mean to you when you wrote them down, Mr. Barron?

3. For example:

At any time did you review the contract between ISI and Miller for the sale of the personal property, the leasehold and the investor records?

Did you have any meetings with anyone in the Internal Revenue Service in connection with your audit of the ISI tax returns?

Did you make any independent determination of your own whether the personal property of $300,000 as allocated in the agreement, was in fact worth $300,000 at the date of the purchase?

Did you examine the leasehold as evidenced by the written lease that was purchased by ISI from Miller in connection with your audit?