**ST. MATTHEW PUBLISHING, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–569T.**

United States Court of Federal Claims.

June 16, 1998.

J.C. Joyce, Tulsa, OK, for plaintiff.

William C. Rapp, Washington, DC, for defendant.

### Opinion and Order

WEINSTEIN, Judge.

Defendant, pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC), has filed a motion for a protective order to limit the scope of plaintiff's RCFC 30(b)(5) and (6) deposition subpoena and subpoena *duces tecum*.

The subpoena contains three and one-half single-spaced pages of instructions and definitions, and lists 113 "matters or issues" (occupying 16 single-spaced pages) as to which a representative of the government is required to testify, and as to which defendant must provide purportedly relevant facts and supporting documentary evidence.

The government contends generally that plaintiff's request is unduly burdensome or impossible to perform and that it seeks irrelevant information, information that plaintiff previously provided to the government, or information that is within plaintiff's sole control. Defendant states that all of the evidence in its possession concerning plaintiff's claim (or the government's defense) that is not privileged and not barred by 26 U.S.C.A. § 6103 (West 1998) already has been provided to plaintiff or has been made available for plaintiff's inspection, and that plaintiff has refused to do the latter. Defendant's counsel states that he consulted with plaintiff's coun-

sel in an attempt to resolve this matter before filing the motion for a protective order.

Plaintiff in this case invokes the declaratory judgment jurisdiction granted to this court by 28 U.S.C. § 1507 "to hear any suit for and issue a declaratory judgment under section 7428 of the Internal Revenue Code (I.R.Code) of 1986, as amended, codified at 26 U.S.C.A. § 7428 (West 1998)." [1] I.R.Code § 7428 authorizes this court (or the Tax Court or the United States District Court for the District of Columbia) to review a determination by the Secretary regarding the initial or continuing qualification of a charitable or educational organization for the exemption from federal taxation described in I.R.Code § 501(c)(3) and to issue a declaratory judgment with respect to such determination. I.R.Code § 7428(a)(1). As the court's order of April 3, 1998 concluded, the court's authority under Section 7428 may not be exercised unless a taxpayer has exhausted all available administrative remedies. *See generally Church of Visible Intelligence v. United States*, 4 Cl.Ct. 55, 60 (1983).

By a final adverse determination letter issued on May 30, 1997, which relied on an IRS national office technical advice memorandum (TAM) issued to plaintiff's predecessor [2] on September 13, 1996, defendant revoked plaintiff's exemption for all tax years beginning on or after June 1, 1979. The TAM concluded that the earnings of plaintiff's predecessor and two organizations related to plaintiff,[3] and controlled by the same principals, Reverends Ewing and McElrath, inured to the benefit of such private individuals and their families and that its activities reflected substantial nonexempt purposes. The administrative record, per defendant, includes all documents submitted to the IRS by plaintiff in respect of the consideration of its exempt status, all written correspondence, all pertinent tax returns, and the Notice of Determination. *See* Joint Preliminary Status Report (JPSR), n. 1. It is apparent from the exhibits to the JPSR that voluminous records were exchanged by the parties between 1989 and 1997.

The standard for deciding whether discovery should be limited is set out in RCFC 26(b)(1), paragraph 2, which provides (in pertinent part):

> The frequency or extent of use of ... discovery ... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery ... to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive ...

RCFC 26(c) provides for protective orders, when justice requires, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

RCFC 45(c)(1) states: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee."

RCFC 45(c)(3)(A) states: "On timely motion, the court shall quash or modify the subpoena if it (i) fails to allow reasonable

---

1. Section references are to the Internal Revenue Code of 1986, as amended and codified at Title 26 of the United States Code.

2. Defendant alleges that plaintiff, previously known as "Church and Bible Study in the Home by Mail, Inc." (CBSHM) and "Rev. Ewing's Evangelistic Ministries, Inc." (REEM), was used, directly and indirectly, as a means to enrich private individuals, the Reverends Ewing and McElrath. Defendant also alleges that plaintiff was operated in a manner similar to another entity, "Church by Mail, Inc.", also controlled by Reverends Ewing and McElrath, whose tax exemption was revoked. *See Church by Mail, Inc. v. Commissioner*, 48 T.C.M. (CCH) 471, T.C. Memo. 1984–349, 1984 WL 14998 (1984), aff'd, 765 F.2d 1387 (9th Cir.1985); *Church by Mail, Inc. v. United States*, 88–2 U.S.T.C. ¶ 9625, 1988 WL 129725 (D.D.C.1988).

3. Twentieth Century Advertising Agency, Inc. (TCAA) and Twentieth Century Data Processing, Inc. (TCDP) were taxable entities, controlled by Reverends Ewing and McElrath, that provided services to CBSHM.

time for compliance; or (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iii) subjects a person to undue burden."

RCFC 45(c)(1) and 45(c)(3)(A) must be read in conjunction with RCFC 26. *See Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1023 (Fed.Cir.1986).

### Discussion

■ A motion for a protective order to limit the scope of discovery is directed to the broad discretion of the court. *See. e.g., Heat & Control*, 785 F.2d at 1022; *Chemical & Indus. Corp. v. Druffel*, 301 F.2d 126 (6th Cir.1962).

■ Plaintiff bears the burden of proving that the IRS' determination is incorrect. Consistent with principles of exhaustion of administrative remedies, the scope of review for cases brought pursuant to § 7428 generally is limited to the administrative record. *See Easter House v. United States*, 12 Cl.Ct. 476, 482 (1987), *aff'd mem.*, 846 F.2d 78 (Fed.Cir.1988). The standard of review is deferential. *See Lima Surgical Associates, Inc. v. United States*, 944 F.2d 885, 888 (Fed.Cir.1991), *Easter House*, 12 Cl.Ct. at 488–491.

Even a cursory review of plaintiff's discovery requests reveals that, for the most part, they request information regarding matters that are irrelevant, or that has already been provided, or merely seek defendant's agreement to legal or rhetorical principles that defendant clearly disagrees with.

The irrelevancies stem largely from plaintiff's apparent misunderstanding regarding (1) the burden of proof in this case, (2) the scope and standard of review in such cases, and (3) the availability, as a legal matter, of an estoppel defense against the government.

### Burden of Proof

■ The burden of proving the invalidity of a tax assessment or determination in cases under I.R.Code § 7428, as in tax refund claims generally, is on the taxpayer. *Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935) (refund claims); *Incorporated Trustees of Gospel Worker Soc.*

*v. United States*, 510 F.Supp. 374 (D.D.C.), *aff'd.* 672 F.2d 894 (D.C.Cir.1981) (declaration of tax exemption). Determinations of the Commissioner as to tax-exempt status are presumptively correct. *Lima Surgical Assocs.*, 944 F.2d at 888. *See also Airlie Found., Inc. v. United States*, 826 F.Supp. 537, 548 (D.D.C.1993), *aff'd.*, 55 F.3d 684 (D.C.Cir.1995) (IRS declaration of non-exemption deemed correct). As stated by this court in *Church of Spiritual Technology v. United States*, 20 Cl.Ct. 762 (1990), in a Section 7428 declaratory judgment proceeding, the taxpayer bears the burden of proof as to the grounds set out in the notice of determination, and the government bears the burden of proof with respect to grounds it intends to reply upon that are not raised in a determination letter. *See id.* at 763, n. 6, 764 (relying on Tax Court Rule 217(c)(2)(i) pursuant to cases holding that in cases under § 7428, the Claims Court is expected to follow the practices of the Tax Court).

### Scope/Standard of Review

The scope of review in declaratory actions under § 7428 following a revocation proceeding generally is confined to the administrative record. *Animal Protection Inst., Inc. v. United States*, 1978 WL 4201 *3 (Ct.Cl.1978) (Congressional committee reports "contemplated that the (taxpayer's) case in the declaratory judgment proceedings [in the Court of Claims] be primarily based upon the evidence presented by the organization to the IRS"); *Easter House*, 12 Cl.Ct. at 482, 488, 489 (IRS determination of nonqualification supportable based solely on the record); *Basic Unit Ministry*, 511 F.Supp. at 168 (same). In *Animal Protection*, the Court of Claims cited a 1976 Congressional report dealing with the grant of § 7428 authority, which stated that the court's declaratory judgment actions should "follow[ ] the Tax Court's lead with respect to confining the proof to arguments considered previously by the Service except where the Service advances new arguments" and which "noted that 'In many cases [the facts as presented to the court] would be essentially the administrative record before the [I.R.S.].' " 1978 WL 4201 *3. The court in *Animal Protection* also

noted that the Congressional committee report intended the courts to follow the Tax Court rules for declaratory judgment suits as to qualifying retirement plans under I.R.Code § 7476, and cited Tax Court Rule 217. *Id.* at *3, *4.

In an action for review of an initial determination, the decision will be made solely on the basis of the administrative record. In a revocation action, however, the Service need not rely on the factual assertions made by the taxpayer in its petition, but may make an independent evaluation of the facts (after an audit). *Id.* at *4, *5 (citing Tax Rule 217(a) and the note to Tax Rule 213). In such cases, disposition on the basis of the administrative record alone will be made only where the parties agree that the record contains all relevant facts and that they are not in dispute. *Id.* at *5 (citing Tax Rule 217(a)). The Commissioner bears the burden of proof only as to the grounds upon which he relies and which are not stated in the notice of determination. *Id.* at *6 (citing Tax Rule 217(c)(2)).

Certain decisions in the United States District Court for the District of Columbia state that, while the *scope* of review in revocation actions under 26 U.S.C. § 7428 is limited to the administrative record, the *standard* of review for these actions is *de novo*. *See Fund for the Study of Economic Growth and Tax Reform v. I.R.S.*, 997 F.Supp. 15 (D.D.C. 1998) (citing *Basic Unit Ministry*, 511 F.Supp. at 167–168); *Big Mama Rag, Inc. v. United States*, 494 F.Supp. 473 (D.D.C.1979), *rev'd.* (on other grounds), 631 F.2d 1030 (D.C.Cir.1980). The stated basis for a different standard of review is the Tax Court's rules for § 7476 qualifications of retirement plans, which rules were intended to govern § 7428 actions in the courts. *See Big Mama Rag*, 494 F.Supp. at 474, note 1 (citing H.R.Rep. No. 658, 94th Cong., 1st Sess. 285 (1975), U.S.Code Cong. & Admin.News 1976, p. 2897; *Animal Protection*, 1978 WL 4201, *3. The note to Tax Court Rule 217(a) states that the distinction in treatment between initial determination cases and cases involving a revocation "results from the difference in processing of such cases by the Internal Revenue Service, which usually bases its de-

termination of revocation on its own investigation rather than by accepting the facts asserted by the applicant...." Rule 217(b) states, in pertinent part, that "[i]n the case of a revocation, the Court may, upon the basis of the evidence presented, make findings of fact which differ from the administrative record." In *Animal Protection*, the court, nevertheless, pointed out that the ultimate issue was "whether the defendant properly revoked the plaintiff's exemption, to the extent that the defendant has stated the grounds for such revocation in its determination letter, the burden of proof is on plaintiff to establish that such revocation was erroneous." The court also held that "[p]laintiff may not urge new grounds in opposition to the revocation which it did not urge in the administrative proceedings, as this would be contrary to the requirement of section 7428(b) that it have exhausted its administrative remedies, unless it had no fair opportunity to do so prior to receipt of the defendant's determination letter." *Id.* at *6, *7.

### *Equitable Estoppel*

■ Plaintiff's requests for information regarding the IRS' actions or opinions also are irrelevant, as equitable estoppel is generally unavailable against the government, *see e.g., Church of Spiritual Technology*, 20 Cl.Ct. at 765 (agency misconduct including "animus, ill-will or discrimination" is irrelevant to court's determination of tax exempt status, as that determination is based on the administrative record). *See also Pierson v. United States*, 428 F.Supp. 384 (D.Del.1977) (what IRS or its representatives said, thought, or did in the past (outside the administrative record) is irrelevant).

Therefore, questions 60–113, which are requests for information regarding the IRS' purposes and intent, most of which is irrelevant (and/or privileged), need not be answered by defendant. (These questions are also largely rhetorical, of the "when did you stop beating your mother" variety.) Moreover, evidence not contained in the administrative record before the IRS in the § 7428 proceeding may not be demanded by plaintiff.

Based on the foregoing principles, the court agrees with defendant that most of plaintiff's discovery request is overly broad and burdensome, unreasonably cumulative and duplicative, or simply confusing. *See* RCFC 26(b)(1)(i). *See generally* 6 Moore's Federal Practice, § 26.105[2][a] (3d ed. 1997) ("As a general proposition, when the relevance of the information sought is questionable and the request is overly broad, or compliance with the request would be unduly burdensome, discovery of the requested material may be denied."). *See* RCFC 26(b)(1) (scope of discovery covers "matter not privileged which is *relevant* to the subject matter involved in the pending action") (emphasis added). Without any showing of good cause, plaintiff seeks information that is immaterial, that is not contained in the administrative record, or that has already been provided to plaintiff by the government or, indeed, to the government by plaintiff. Nor does most of the information requested appear to be "reasonably calculated to lead to the discovery of admissible evidence." *See* RCFC 26(a).

On the other hand, defendant, which bears the burden of establishing oppression, has failed to specify with sufficient particularity which portions of the request are burdensome or duplicative or otherwise objectionable, and why. *See* RCFC 26(b)(1). Also, this court is charged with the duty of balancing and accommodating conflicting discovery needs, and must not, when faced with a motion to quash or for a protective order, "deny discovery altogether." *See Heat & Control,* 785 F.2d at 1025. Rather, it must reduce the demand for disclosure "to a reasonable level, considering the parties' concerns." *Id.* (citing *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 560 (7th Cir. 1984)).

Therefore, defendant's motion for a protective order is granted, and the subpoena shall be modified as follows:

(1) Plaintiff shall restate its notice of deposition discovery to eliminate requests

- for duplicative information;
- for nonrelevant information;
- for materials or information already provided to the IRS or otherwise already contained in the administrative record;
- for legal opinions and conclusions of law; and
- for privileged communications.

(2) Plaintiff immediately shall review all of the files made available by the government. Failure to do so within three weeks of the date of this order will result in waiver of its right to the discovery of, or to rely on, any documents contained in such files that are not currently in plaintiff's possession. *See* RCFC 33(c) (party may answer interrogatories by specifying and making available business records when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatories as for the party being served").

(3) Defendant is ordered to submit an affidavit, under oath, and executed by a knowledgeable official or officials, certifying that defendant has made available, or has provided, to plaintiff, *see id.;* RCFC 36(a), all potentially relevant documents, *including all non-privileged documents relied upon in issuing the TAM and final determination letter, as well as all potentially relevant documents in its possession regarding the related cases described in the TAM. Any evidence not so provided or made available may not be relied upon by the government in this proceeding.*

(4) Thereafter, defendant shall allow deposition by plaintiff of an official or officials, of defendant's selection, who are reasonably knowledgeable about these files. *Cf United States v. Miracle Recreation Equip. Co.,* 118 F.R.D. 100 (S.D.Iowa 1987). In taking such deposition(s), plaintiff shall keep in mind that opinions, conclusions, and reasoning of government officials are not subject to discovery, *see ISI Corp. v. United States,* 503 F.2d 558, 559 (9th Cir.1974) (citing *Simons–Eastern Co. v. United States,* 55 F.R.D. 88 (N.D.Ga. 1972)); *Pierson,* 428 F.Supp. at 390 (Commissioner's reasons for revoking private letter ruling are irrelevant). The deposition(s) also shall be limited to a total of five hours (unless the court, upon motion showing specific good cause therefor, permits an enlargement of time). The deposition(s) shall be conducted by telephone

unless, within 5 days after steps (1) through (3) above are completed, plaintiff shows good cause why it should not do so. *See* RCFC 30(b)(7). The official(s) shall be prepared to: (1) indicate what evidence was in the record before the IRS when issuing the TAM and the determination letter regarding whether plaintiff's income inured to the benefit of any principal and/or that plaintiff engaged in non-exempt operations or activities; and (2) discuss generally the significance of such record evidence to defendant's defenses.

Defendant also shall respond fully to any request for admissions or interrogatories propounded by plaintiff, provided that such requests and interrogatories shall be limited to ten of each (including sub-parts), unless the court decides, upon motion by plaintiff, that there is good cause for requiring more discovery of this type. *Cf. Frost v. Williams,* 46 F.R.D. 484 (D.Md.1969) (service of 200 interrogatories deemed excessive, warranting protective order).

The parties are admonished that they must attempt in good faith to resolve discovery disputes between themselves before seeking the assistance of the court. Failure to comply with the terms of this order may subject a party to appropriate sanctions. *See* RCFC 37(b)(2). Given the additional time that will be required to comply with this order, the period for discovery is hereby extended to August 31, 1998, and the time for filing a joint status report or dispositive motions is hereby extended to September 15, 1998.