The **OSAGE TRIBE OF INDIANS OF OKLAHOMA, Plaintiff,**

v.

The **UNITED STATES of America, Defendant.**

Nos. 99–550 L, 00–169 L.

United States Court of Federal Claims.

Nov. 10, 2008.

Wilson K. Pipestem, Washington, DC, for plaintiff.

Joseph H. Kim, with whom were Ronald J. Tenpas, Assistant Attorney General, Brian M. Collins, and Romney S. Philpott, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant. Elisabeth Brandon, Ericka Thompson, Holly Clement, and Kyschia Patton, Office of the Solicitor, United States Department of the Interior, Washington, DC, of counsel. Teresa E. Dawson, Rebecca Saltiel, and Thomas Kearns, Office of the Chief Counsel, Financial Management Service, United States Department of the Treasury, Washington, DC, of counsel.

*OPINION AND ORDER*

HEWITT, Judge.

Before the court are Defendant's Motion to Compel and Brief in Support (defendant's Motion or Def.'s Mot.), The Osage Nation's Opposition to the United States' Motion to Compel (plaintiff's Response or Pl.'s Resp.), and Defendant's Reply in Support of the Motion to Compel (defendant's Reply or Def.'s Reply).

For the following reasons, defendant's Motion is GRANTED.

I. Background

Pursuant to the court's scheduling order of August 21, 2008, the formal fact discovery period with respect to claims within the scope of plaintiff's forthcoming motion for partial summary judgment began on May 19, 2008 and closes on November 18, 2008. Order of Aug. 21, 2008. On July 16, 2008, defendant "served [p]laintiff with Defendant's Third Set of Interrogatories and Fourth Set of Requests for Production." Def.'s Mot. 1. In response, plaintiff asserted objections to numbers 38, 39, and 40 of defendant's requests for production (Requests for Production). *Id.* Efforts by counsel for the parties to resolve the current discovery dispute without the court's involvement have proven unsuccessful. *Id.* at 1–2. Pursuant to Rule 37(a) of the Rules of the Court of Federal Claims (RCFC), defendant "moves for an order compelling [p]laintiff to fully respond to defendant's [Requests for Production]." *Id.* at 1. Plaintiff opposes defendant's Motion because (1) the court's prior rulings render the Requests for Production "not 'reasonably calculated to lead to the discovery of admissible evidence' " and (2) the Requests for Production "are cumulative, duplicative, and unreasonably burdensome." Pl.'s Resp. 1.

II. Legal Standard

RCFC 26(b)(1) is "the general provision governing the scope of discovery." *Sparton Corp. v. United States (Sparton)*, 77 Fed.Cl. 10, 21 n. 14 (2007). Under RCFC 26(b)(1), any relevant, non-privileged information is discoverable. *See* RCFC 26(b)(1). The court may "[f]or good cause ... order discovery of any matter relevant to the subject matter involved in the action." *Id.* The rule provides that "[r]elevant information need not be admissible at ... trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

"The scope of civil discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial." *Afro-Lecon, Inc. v. United States,* 820 F.2d 1198, 1203 (Fed.Cir.1987) (citing *Hickman v. Taylor (Hickman),* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *see also AG-Innovations, Inc. v. United States (AG-Innovations),* 82 Fed.Cl. 69, 77 (2008) ("The purpose of discovery is to allow a broad search for facts, ... or any other matters which may aid a party in the preparation or presentation of [the] case.") (citing Federal Rules of Civil Procedure (FRCP) 26, Advisory Committee Note (1946)); *Int'l Paper Co. v. United States,* 36 Fed.Cl. 313, 317 (1996) ("[W]e are ... mindful of the generally broad scope of discovery in this court...."). However, "a party's right to pretrial discovery is constrained by RCFC 26(b)(2)(C). Pursuant to this rule, the court is required to limit [discovery] ... upon a determination that the discovery sought is unreasonably cumulative or duplicative, the requesting party had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit." *AG-Innovations,* 82 Fed.Cl. at 77.

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has made clear that "[q]uestions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." *Florsheim Shoe Co. v. United States,* 744 F.2d 787, 797 (Fed.Cir.1984) (citing *Marroquin-Manriquez v. INS,* 699 F.2d 129, 134 (3d Cir.1983)); *see also AG-Innovations,* 82 Fed.Cl. at 80 ("The decision to grant a motion to compel discovery ... is, like all questions of discovery, committed to the discretion of the court.") (citation omitted). "In deciding either to compel or quash discovery, this court must balance potentially conflicting goals. It 'must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop

and prepare the case.'" *Evergreen Trading, LLC ex rel. Nussdorf v. United States,* 80 Fed.Cl. 122, 126 (quoting *Heat & Control, Inc. v. Hester Indus., Inc. (Heat & Control),* 785 F.2d 1017, 1024 (Fed.Cir.1986)). The court must simultaneously keep in mind that "discovery, like all matters of procedure, has ultimate and necessary boundaries .... [which] come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." *Hickman,* 329 U.S. at 507–08, 67 S.Ct. 385.

### III. Discussion

Plaintiff opposes defendant's Motion because (1) the court's prior rulings render the Requests for Production "not 'reasonably calculated to lead to the discovery of admissible evidence'" and (2) the Requests for Production "are cumulative, duplicative, and unreasonably burdensome." Pl.'s Resp. 1. Neither of plaintiff's objections to defendant's Requests for Production are persuasive. For the reasons discussed below, the court's prior rulings in this case do not render defendant's Requests for Production irrelevant, and defendant's requests are not cumulative, duplicative, or unduly burdensome.

### A. Effect of Tranche One Trial Rulings on Scope of Current Discovery

▪ Plaintiff argues that defendant's Requests for Production "are not reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Resp. 6. This argument is premised on plaintiff's interpretation of the effect of the court's prior rulings which, according to plaintiff, "render irrelevant the kind of evidence the United States now seeks." Pl.'s Resp. 3. Plaintiff, however, misconstrues the application of both the court's pre-trial ruling striking defendant's defenses of laches and estoppel, and the court's post-trial holdings identifying the standards of care applicable to defendant in its fiduciary role as trustee of plaintiff's mineral estate (Tranche One Trial Rulings).[1] The court's

---

1. In its briefing, defendant points out that plaintiff's original objection to defendant's requests for production was based upon the court's pretrial ruling made at a pre-trial conference held with the parties on February 16, 2006. Defen-

dant's Reply in Support of the Motion to Compel (defendant's Reply or Def.'s Reply) 1–2; see also Defendant's Motion to Compel and Brief in Support (defendant's Motion or Def.'s Mot.) 1–2; Def.'s Mot. Exhibit (Ex.) 1 (Plaintiff's Responses

Tranche One Trial Rulings do not prohibit the information currently sought by defendant in its Requests for Production. First, defendant is not attempting to relitigate the law of the case, but is, in the court's view, properly attempting to discover the factual circumstances to which the court's legal rulings could apply. Second, denying discovery of new evidence solely based upon the court's prior evidentiary ruling is misplaced. Third, the fact that neither of the court's prior rulings are final judgments as defined by RCFC 54(b), coupled with the evolving legal landscape governing defendant's trust duties, weigh against denying defendant's discovery requests.

### 1. Defendant's Requests for Production Are Not an Attempt to Relitigate the Law of the Case

Plaintiff mischaracterizes the discovery presently sought by defendant as an attempt to "relitigate the law of the case." Pl.'s Resp. 7. Both parties agree that the court's Tranche One Trial Rulings may help guide the remainder of the case. Def.'s Reply 2; Pl.'s Resp. 2–3 ("The Osage Nation's purpose in presenting the motion [for summary judgment] is to apply the Tranche One rulings to additional data, and to thereby calculate damages for these broader periods."). The application of the relevant standards of care to the remainder of the case depends upon the factual circumstances in existence throughout the remaining time periods at issue, which is precisely what defendant's Requests for Production attempt to discover. Plaintiff itself correctly states that "the information the United States seeks cannot affect the standard of care . . . during the periods covered by the forthcoming motion for summary judgment." Pl.'s Resp. 6. While the information sought in defendant's Requests for Production may not affect the applicable

legal standard of care, the facts discovered may very well affect how the standard is applied. In short, the court agrees with defendant that it "does not seek to relitigate any [of the court's prior] legal rulings" but instead "seek[s] to be able to litigate using those prior legal rulings, which includes the ability to determine whether or not the same set of operative facts apply to months other than the [time period adjudicated in the court's prior opinion]." Def.'s Reply 2–3.

### 2. Denying Discovery of New Evidence Solely Based Upon the Court's Prior Evidentiary Ruling is Misplaced

At its February 16, 2006 pre-trial conference (Pretrial Conference), the court granted plaintiff's motion to strike defendant's affirmative defenses of estoppel and laches. Pretrial Transcript (Tr.) 193:25–196:16. The court also cautioned that while certain evidence could be used by defendant at trial to interpret the contours of the trust relationship and defendant's trustee duties, that same evidence could not be used to support the defenses of estoppel and laches. Tr. 202:11–23. On August 15, 2008, plaintiff objected to producing documents in response to defendant's Requests for Production "on the ground that [the requests] do[ ] not seek information reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Resp. 8. "In support of the objection, [plaintiff] refuted what appeared to be the primary purpose for such documents—blaming the beneficiary by invoking laches or estoppel." *Id.*

Plaintiff's objection to defendant's discovery request is misplaced. Plaintiff's objection was based on plaintiff's speculation as to what "appeared" to be the purpose of defendant's Requests for Production. *Id.* Plaintiff cannot object that "the request does not seek information reasonably calculated to lead to

and Objections to Defendant's Requests for Production) 5–7. Defendant argues that because The Osage Nation's Opposition to the United States' Motion to Compel (plaintiff's Response or Pl.'s Resp.) focuses on the preclusive effect of the court's post-trial rulings identifying the standards of care applicable to defendant, and not on the ground upon which plaintiff originally objected to defendant's requests for production, plaintiff's "new objection" should be considered waived.

Def.'s Reply 1–2. The court disagrees and considers both grounds upon which plaintiff's objections are based. In plaintiff's Response, plaintiff explains that during the course of telephone conversations between the parties, counsel for the parties discussed both grounds upon which plaintiff's objections are based. Pl.'s Resp. 8. The court therefore treats plaintiff's original objection as encompassing both the court's pre-trial and post-trial rulings.

the discovery of admissible evidence" solely on the basis of plaintiff's speculation as to the "primary purpose" for defendant's discovery requests. *Id.* By refusing to respond to defendant's Requests for Production, plaintiff is rendering inadmissible evidence that has not yet been produced, and usurping the decision as to admissibility which is reserved to the court. *United States v. Abel,* 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) ("A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value ... and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403."); see also Fed.R.Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Moreover, it is no more or less plausible at this juncture than it was at the Pretrial Conference (as to the evidence then before the court) that the court may render any piece of proffered evidence admissible for one purpose and not another. *See, e.g.,* Tr. 202:11–23 (allowing defendant's evidence to prove aspects of the trust relationship but disallowing the same evidence to support the defenses of estoppel or laches). Plaintiff may not undertake on its own to extrapolate the application of the court's prior evidentiary rulings in order to reduce plaintiff's present discovery obligations.

3. Given that the Court's Prior Rulings are not Final Judgments as Defined by RCFC 54(b), and Given the Evolving Nature of the Law Governing Defendant's Trust Duties, Denying Defendant's Requests for Production is Imprudent

Plaintiff argues that "the relevant standards of care [applicable to defendant] are issues that are 'effectively closed.'" Pl.'s Resp. 7. Defendant responds that in order to preserve any issues of admissibility or relevance for appeal, "[d]efendant may need to make a proffer of evidence .... [which would not be possible] unless and until [p]laintiff complies with its discovery obligations." Def.'s Mot. 7.

Contrary to plaintiff's contention that certain issues of law are "effectively closed," Pl.'s Resp. 7, the court's Tranche One Trial Rulings are not final judgments as defined by RCFC 54(b). *See* RCFC 54(b) ("[T]he court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties.... Otherwise, any order or other decision ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Given the interlocutory nature of the court's Tranche One Rulings, and separate and apart from defendant's concerns regarding preservation of issues for appeal, the court does not believe that its prior orders should be deployed to prohibit the parties' discovery requests and impede the development of evidence at this stage in the case before the court renders final judgment.

In addition, given the fluidity of the law governing the trust relationship between the United States and Indian tribes, the court considers it imprudent to deny discovery in an area which is presently unsettled and in which decisions of both the Federal Circuit and United States Supreme Court are potentially relevant. *See, e.g., Navajo Nation v. United States,* 501 F.3d 1327 (Fed.Cir.2007), *cert. granted,* —— U.S. ——, 129 S.Ct. 30, 171 L.Ed.2d 931 (2008) (an action brought by the Navajo Nation against the United States for a breach of trust in leasing the tribe's lands for coal mining that has been adjudicated twice by the Federal Circuit and twice been granted certiorari by the United States Supreme Court where decision is currently pending). As the court continues to apply the evolving law in the area of the government's trust duties to tribes, it will be helpful to this litigation to permit the discovery requested in order to develop evidence relating to the contours of the trust relationship between the parties.

B. Plaintiff's Objections that Defendant's Requests for Production are Cumulative, Duplicative and Unduly Burdensome

 Plaintiff's second objection to defendant's Request for Production asserts that

(1) the requests are unduly cumulative and burdensome because the requests "seek to have the trust beneficiary search for trust administration records that the trustee itself is required to possess," Pl.'s Resp. 10, and (2) "[t]he [r]equests are duplicative of previous discovery requests with which [plaintiff] has already complied," *id.* at 9. Defendant argues that plaintiff's objections are "too speculative to allow [p]laintiff to escape its discovery obligations." Def.'s Reply 5.

With respect to plaintiff's objection that defendant's Requests for Production are unduly cumulative and burdensome, plaintiff states that "th[e] [plaintiff's] communications [sought by defendant] ... would have to [have] be[en] known to the trustee [-defendant] contemporaneously and should be evidenced in the trustee[defendant]'s own files." Pl.'s Resp. 10. In short, plaintiff argues that defendant should already have possession of the documents which it now seeks by virtue of defendant's role as plaintiff's trustee, thereby rendering plaintiff's production of the requested documents cumulative and unduly burdensome. *Id.* Plaintiff provides no legal support for the contention that defendant's role as trustee restricts defendant's discovery tools in any way or for the assertion that defendant's responsibilities as trustee includes the responsibility not only to have created files contemporaneously with its communications with its beneficiary but also to have retained those files. *See* Pl.'s Resp. *passim.* The court agrees with defendant that to the extent that "[d]efendant has any gaps in its records, it is entitled to try to fill such gaps through discovery ... and the fact that [d]efendant once had such documents in its files should not excuse [p]laintiff's failure to cooperate in discovery under the present circumstances." Def.'s Reply 5.

■ With respect to plaintiff's objection that defendant's present requests are covered by the scope of prior requests and are therefore duplicative, defendant "accepts this stipulation." Def.'s Reply 4. Defendant argues, however, that because plaintiff is unsure that its previous counsel complied fully with defendant's previous requests, *see* Pl.'s Resp. 9, plaintiff's discovery obligation should be "recharacteriz[ed] ... as one to verify the completeness of ... prior responses on these specific matters, and to supple-

ment if necessary." Def.'s Reply 4–5. In its discussion of discovery disputes regarding motions to quash and protective orders, this court has stated that it "is charged with the duty of balancing and accommodating conflicting discovery needs and must not ... 'deny discovery altogether.' " *St. Matthew Publ'g, Inc. v. United States,* 41 Fed.Cl. 142, 147 (1998) (quoting *Heat & Control,* 785 F.2d at 1025). "Rather, it must reduce the demand for disclosure 'to a reasonable level, considering the parties' concerns.' " *Id.* (quoting *Heat & Control,* 785 F.2d at 1025). The court applies this methodology to the current discovery dispute concerning defendant's motion to compel. The factual circumstances in this case are closely analogous to the circumstances in *Sparton. Sparton,* 77 Fed.Cl. at 10. In *Sparton,* the defendant was the party claiming that documents responsive to plaintiff's requests for production had previously been made available to plaintiff. *Sparton,* 77 Fed.Cl. at 17. In that case, as here, the court could not conclusively determine whether all documents responsive to plaintiff's requests had been previously produced. *See id.* The court in *Sparton* stated that "there is simply no requirement for [a party] to reproduce documents that had already been produced." *Id.* However, in *Sparton,* the court did not need to resolve the issue because plaintiff's requests for production in that case were found untimely. *Id.* Here, as in *Sparton,* plaintiff need not reproduce documents that it has previously produced to defendant. *See id.* However, in balancing and accommodating the parties' conflicting needs, the court orders plaintiff to verify the completeness of its prior responses on the specific matters at issue in defendant's Requests for Production and, if necessary, to supplement its prior disclosures.

## IV. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED. Plaintiff shall produce documents responsive to defendant's Requests for Production in conformity with this Order.

IT IS SO ORDERED.