**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ALAN BAILEY, | No. 10-16048 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00639-LDG-LRL |
| v. | |
| PATRICIA LEONHARDT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Former Nevada state prisoner Robert Alan Bailey appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging federal and state

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment as a matter of law, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), and we affirm.

The district court properly granted judgment as a matter of law on Bailey's deliberate indifference, retaliation, and access-to-courts claims because the evidence at trial permitted only one reasonable conclusion—that defendants did not consciously disregard his serious medical needs, retaliate against him for filing grievances, or cause prejudice to existing or possible litigation. *See id.* (judgment as a matter of law analysis); *see also Lewis v. Casey*, 518 U.S. 343, 349-56 (1996) (access-to-courts); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (deliberate indifference); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (retaliation).

The district court properly dismissed several of Bailey's claims before trial because they relied on criminal statutes that provided no private right of action, alleged no injury to Bailey, sought to vindicate non-existent rights, or failed to state a claim. *See Farmer*, 511 U.S. at 834 (only the unnecessary and wanton infliction of pain implicates the Eighth Amendment); *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001) (standard of review for dismissal under Fed. R. Civ. P. 12(b)(6)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (standard of review for dismissal under 28 U.S.C. § 1915A); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) (no "entitlement to a [prison] grievance procedure").

The district court did not abuse its discretion in refusing to impose discovery sanctions on defendants after compelling them to supplement their answers, and any error in not requiring earlier production of Bailey's medical records was harmless. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957-58 (9th Cir. 2006) (standard of review for discovery sanctions); *ISI Corp. v. United States,* 503 F.2d 558, 559 (9th Cir. 1974) (per curiam) (harmless error analysis as to discovery).

The district court did not abuse its discretion in quashing Bailey's subpoenas because Bailey failed to comply with personal service and witness fee requirements. *See* Fed. R. Civ. P. 45(b)(1); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (standard of review).

The district court did not abuse its discretion in excluding uncorroborated materials and testimony because Bailey failed to show the evidence was relevant, appropriate, or authenticated. *See* Fed. R. Evid. 401, 404(b), & 803(6); *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (standard of review).

Bailey's arguments regarding dismissal of unserved defendants he failed to identify or locate, and the denial of permission to correspond with inmate witnesses under an inapplicable regulation, are unpersuasive.

**AFFIRMED.**